Matter of Back-Skidders (Leigh) (2020 NY Slip Op 03962)





Matter of Back-Skidders (Leigh)


2020 NY Slip Op 03962


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

528649

[*1]In the Matter of Julia Back-Skidders, Petitioner,
Michael Leigh, Appellant.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Todd G. Monahan, Schenectady, for appellant.



Lynch, J.P.
Appeal from an order of the Family Court of Franklin County (Champagne, J.), entered January 28, 2019, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 180 days for willfully violating a prior order of support.
Respondent is the father of a child (born in 2006). By an order of Family Court in November 2014, respondent was directed to pay $245 monthly in child support. In April 2015, petitioner — the caretaker relative of the child — commenced a violation proceeding alleging that respondent was in willful violation of the underlying support order. After respondent failed to appear at a hearing, the Support Magistrate issued a default order finding respondent in willful violation of the support order, recommending a term of incarceration not to exceed six months and referring the matter to Family Court for confirmation. Family Court confirmed the finding of willful violation and adjourned the matter for a determination of punishment. After a confirmation hearing at which respondent was present, the court, by order entered on January 28, 2019, committed respondent to jail for six months. Respondent appeals the order of commitment.
Respondent contends that Family Court erred in committing him to a jail term of six months. As the imposed period of incarceration has expired, respondent's appeal from the order of commitment is moot and must be dismissed (see Matter of Patrick v Botsford, 177 AD3d 1146, 1146 n [2019]; Matter of Simmes v Hotaling, 173 AD3d 1387, 1388 [2019]).
Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.